UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CATALINA ACEVEDO,<br>      Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | CIVIL ACTION NO. |
| CITY OF BOSTON and<br>PAUL MARTIN, in his<br>individual capacity,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) |  |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Catalina Acevedo brings this action for money damages for injuries she endured after she was wrongfully arrested, jailed and prosecuted for a crime she had no connection whatsoever with as a result of Boston Police Detective Paul Martin's recklessly sloppy police work and making false statements and critical omissions to the court.

2.  On September 11, 2007, Ms. Acevedo was a single mother of three young children living in Lawrence, Massachusetts with her children and elderly mother. She was a model citizen with no criminal record and had never been arrested.

3.  On that date, Ms. Acevedo was falsely arrested and charged with threatening to commit serious bodily harm against a woman she had never met. Despite presenting evidence that she was not the assailant, Detective Martin pressed with the prosecution. Ms. Acevedo was forced to defend the baseless charge until January 25, 2008 when the case was finally dismissed.

4.  On December 15, 2008, a judge granted her motion to expunge her arrest records after finding that Detective Martin had charged an innocent woman.

**JURISDICTION**

5. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §§1331 and 1343 provide federal question jurisdiction, and 28 U.S.C. § 1367 provides supplemental jurisdiction over the state law claims.

**PARTIES**

6. Plaintiff Catalina Acevedo was at all times material to this complaint a resident of Lawrence, Massachusetts. She was a single mother of three young children with no criminal arrest record.

7. Defendant Paul Martin was at all times material to this complaint employed as a police officer for the Boston Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and City of Boston. He is sued in his individual capacity.

8. Defendant City of Boston is a municipal corporation located in Suffolk County, Commonwealth of Massachusetts, and was at all times material to this complaint, the public employer of Defendant Paul Martin.

**FACTS**

9. On June 4, 2007, Ms. Yaisa Terrero walked into a Boston Police station to report that a woman she knew named Carolina Acevedo had threatened to cause her serious physical harm. Officer Israul Marrero took the report.

10. Ms. Terrero reported to Officer Marrero that Carolina Acevedo had confronted her on June 3, 2007 and assaulted her because Ms. Terrero was a witness against Carolina Acevedo in a pending criminal case. Ms. Terrero explained to the officer that, in that case, Carolina Acevedo had repeatedly beaten Ms. Terrero.

11. Ms. Terrero gave a physical description of the suspect to the officer. The suspect was described as a black Hispanic female, twenty years old, 5'3" tall, 250 lbs and "fat." Ms. Terrero also gave the suspect's address as 492 Harvard Street, Apt #1 in Dorchester, Massachusetts.

12. The case was assigned to Defendant Paul Martin for investigation.

### Martin Failed to Investigate Properly

13. Defendant Martin failed to take obvious steps to correctly identify the assailant that the victim described.

14. On information and belief, Defendant Martin searched the Registry of Motor Vehicle records for the name "Carolina Acevedo." He came across the Plaintiff's name Catalina Acevedo and obtained the Plaintiff's address, date of birth and her social security number.

15. Despite different first names and different addresses, Defendant Martin made no effort to determine whether the person whose name he located through the RMV search, Catalina Acevedo, was the person the victim described as the assailant, Carolina Acevedo.

16. The victim characterized the suspect as "La Gorda" or "The Fat One." The victim described the suspect as 5'3" tall and 250 lbs. Plaintiff did not fit the description.

17. The victim reported that the suspect lived in Dorchester, MA. The Plaintiff had never been to Boston. She lived in Lawrence, MA.

18. The victim reported that she knew the suspect and that there was a pending criminal case where the suspect had beaten the victim repeatedly. The Plaintiff had no criminal record whatsoever and had never been arrested. Had Defendant Martin checked the Board of Probation records, he would not have found any information about Plaintiff's involvement in the pending criminal matter.

19. On information and belief, Defendant Martin also had access to the Plaintiff's driver's license photograph. Although he could have shown the photograph of the Plaintiff to the victim, he did not do so. Had he shown Plaintiff's photograph to the victim, he would have known that the Plaintiff was not the assailant.

20. After finding the Plaintiff's information, Defendant Martin could have interviewed her to determine whether she was the assailant but he did not do so. Had he done so, he would have known that Plaintiff was not the assailant.

### False Statements and Material Omissions of Fact

21. Without undertaking any additional investigation, on July 27, 2007, Defendant Martin took out an application for criminal complaint against the Plaintiff.

22. Defendant Martin falsely identified Plaintiff as the "Accused" by adding Plaintiff's date of birth and social security number where suspect Carolina Acevedo's were missing.

23. Defendant Martin falsely stated that Plaintiff lived at the suspect's Dorchester address when he knew or should have known that Plaintiff lived in Lawrence, Massachusetts.

24. Defendant Martin falsely stated that Plaintiff was 5'3" and 250 lbs.

25. Defendant Martin falsely stated that Ms. Terrero reported that Plaintiff approached her and threatened her with bodily harm.

26. In addition to falsely stating that Plaintiff was the assailant, Defendant Martin failed to mention numerous facts that, had they been included, would have demonstrated that there was no probable cause to believe that Plaintiff was the assailant.

27. Defendant Martin knew or should have known Plaintiff's address in Lawrence, Massachusetts. He omitted Plaintiff's address from the application.

28. Defendant Martin failed to mention that he had made no effort to locate the suspect at the location provided by the victim.

29. Defendant Martin omitted the fact that he had no evidence that the Plaintiff had ever lived at the Dorchester address. Indeed, Plaintiff has never lived in, visited or been to Dorchester.

**Plaintiff's Ordeal**

30. Because of the above material omissions and false statements in the application for complaint, on July 30, 2007, a notice of clerk's hearing was mailed to Plaintiff at suspect Carolina Acevedo's address in Dorchester.

31. On August 16, 2007, a criminal complaint was issued against the Plaintiff and a summons was sent, again, to suspect Carolina Acevedo's address in Dorchester for the Plaintiff to appear for arraignment on September 5, 2007.

32. On September 5, 2007, a default was entered after Plaintiff did not appear in court and a warrant was issued for her arrest.

33. On September 11, 2007, plaintiff Catalina Acevedo was stopped by Lawrence Police officers for a minor motor vehicle violation. They discovered the warrant and they arrested her.

34. She was taken to the Lawrence Police Station where she was fingerprinted and photographed. She was then subjected to a search of her person and clothing.

35. After that, she was held locked in a cell overnight for over eight hours. During that time, she was scared and confused.

36. The next morning, on September 12, 2007, she was transported to the Roxbury Division of the Boston Municipal Court.

37. There, she was held in a cell awaiting her arraignment. She did not want to touch anything because the cell was filthy. She felt scared and feared for her safety.

5

38. She had to use the bathroom and was forced to do so in an open area, open to the others in the cell and cell block, further humiliating and demeaning her.

39. Plaintiff was completely innocent. She did not know and had never met Yaisa Terrero, the victim of the crime she was being charged with.

40. On information and belief, Defendant Martin was provided with information showing that Plaintiff was not the assailant. Despite this information, Defendant Martin pressed with the prosecution.

41. Plaintiff was forced to defend the baseless charge against her. She had to repeatedly take time off from work and travel from Lawrence to the court in Roxbury. Eventually, on January 25, 2008, the criminal case was dismissed.

42. On December 15, 2008, a judge granted her motion to expunge her arrest records after finding that Defendant Martin had charged an innocent woman.

**COUNT I:    42 U.S.C. § 1983, Fourth Amendment Against Defendant Martin**

43. The above paragraphs are incorporated by reference.

44. Defendant Martin caused Plaintiff to be subjected to an unreasonable arrest and seizure, unsupported by probable cause to believe that she had committed an offense. In doing so, Defendant Martin violated Plaintiff's Fourth Amendment rights.

45. Defendant Martin did not have probable cause to believe that the Plaintiff was the person who assaulted the victim. Applying clearly-established law, a reasonable officer in Defendant Martin's position would have known that the facts did not amount to probable cause.

46. A reasonable officer in Defendant Martin's position, applying clearly established law, would have known that he did not have sufficient grounds to seek a criminal complaint against Plaintiff. Nevertheless, acting without probable cause, Defendant Martin procured a criminal

complaint against Plaintiff. He did so on the basis of an application that was deficient because it was dishonest.

47. Defendant Martin intentionally or recklessly included false statements that were material to the determination of probable cause. In addition, he intentionally or recklessly omitted facts that were material to the determination of probable cause.

48. The false statements and material omissions misled the clerk into sending a notice of clerk's hearing to an address where she has never lived, then sending a summons to that address and finally a warrant for the Plaintiff's arrest.

49. Thus, Defendant Martin's deliberate or reckless false statements and omissions resulted in Plaintiff's arrest and imprisonment, without probable cause, for an offense Plaintiff did not commit and with which she had no connection with whatsoever.

50. Based on the above, Defendant Martin violated clearly-established law. A reasonable officer in Defendant Martin's position would have known that his actions violated the Plaintiffs Fourth Amendment rights.

51. As a direct and proximate result, the plaintiff suffered the injuries as described above.

**COUNT II:     Claim under Massachusetts Law for False Imprisonment Claim Against Defendant Martin**

52. The above paragraphs are incorporated by reference.

53. Defendant Martin committed the common law tort of false imprisonment by causing the arrest and imprisonment of Plaintiff without probable cause.

54. As a direct and proximate result the plaintiff received the injuries as described above.

**COUNT III:   Claim under Massachusetts Law for Malicious Prosecution Claim Against Defendant Martin**

55. The above paragraphs are incorporated by reference.

56. Defendant Martin commenced or caused to be commenced a criminal prosecution against Plaintiff without probable cause and with malice as that term is defined in Massachusetts tort law.

57. The criminal action terminated in Plaintiff's favor on January 25, 2008, when the matter against her was dismissed.

58. As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

**COUNT IV:   Negligence against the City of Boston**

59. The above paragraphs are incorporated by reference.

60.  On February 6, 2009, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Boston.

61. Plaintiff properly performed the conditions precedent to filing an action under M.G.L. c.258.

62. The City of Boston failed to make a settlement offer in response to plaintiff's demand.

63.  Detective Paul Martin was acting within the scope of his employment at all times alleged in this complaint.

64. Employees of the City of Boston were negligent in:

    a.  failing to conduct a proper police investigation;

    b.  failing to accurately and truthfully fill out an application for criminal complaint;

    c.  failing to stop the prosecution when it was clear the wrong woman was charged;

    d.  failing to properly train Defendant Paul Martin; and

    e.  failing to properly supervise Boston police officers including Defendant Martin.

65. As a proximate cause of the negligence, Plaintiff suffered damages as described above.

**WHEREFORE**, the plaintiff requests that this court:

1. Award compensatory damages;

2. Award punitive damages against Defendant Martin;

3. Award the costs of this action, including reasonable attorney's fees; and

4. Award such other and further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A jury trial is hereby demanded.

                                    Respectfully submitted,
                                    CATALINA ACEVEDO,
                                    By her attorney,


                                     /s/ Myong J. Joun
                                    Myong J. Joun
                                    BBO No. 645099
                                    Joun Law Office
                                    420 Harvard Street
                                    Brookline, MA 02446
                                    Tel.: (617) 304-6186
                                    Fax: (866) 551-4983
                                    Email: mjoun@massrights.com

Dated: August 6, 2009